IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CINDY L. EVANS,)
)
Plaintiff,)
)
vs.) Civil Action No. 10-1650
)
MICHAEL J. ASTRUE,)
COMMISSIONER OF SOCIAL SECURITY,)
)
Defendant.)

O R D E R

AND NOW, this 28th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). Despite 30 full pages of elaborate discussion by the ALJ, Plaintiff contends that the ALJ erred in her credibility determination and in evaluating the medical evidence of record. The Court disagrees.

In one of the most comprehensive and detailed decisions this Court has ever seen, the ALJ discusses at great length her rationale for her determination of non-disability, including her reasoning for her credibility determination. She summarized and explained how there was overwhelming evidence of record that called Plaintiff's credibility into serious question and recounted the numerous instances in the record where Plaintiff provided inconsistent and inaccurate reports regarding her symptoms and medical history. Indeed, the record reflects a pattern of substantial inconsistencies in Plaintiff's accounting of her allegedly disabling conditions. The ALJ further discussed how Plaintiff's complaints were refuted by and had no support in the objective medical evidence of record and found that the overwhelming majority of her medical records noted "significant subjective complaints and allegations from [Plaintiff] [that were] generally not supported by documented objective clinical and diagnostic findings." (R. 71). The Court agrees that "the inconsistencies in [Plaintiff]'s complaints and allegations to different doctors, virtually contemporaneously, raise very considerable credibility questions." (Id. at 70). The Court also notes that the ALJ's credibility determination is afforded great weight because she had "the opportunity to observe the demeanor and hear the testimony given by [Plaintiff]." De Rohn v. Barnhart, 98 Fed. Appx. 137, 141 (3d Cir. 2004). Thus, the Court finds that the ALJ provided more than sufficient justification in support of her credibility determination and that substantial record evidence supports her credibility determination.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 6) is DENIED and defendant's Motion for Summary Judgment (document No. 8) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Plaintiff's assertion that the ALJ erred in her evaluation of the medical evidence likewise lacks substantial merit. The ALJ spent 30 pages discussing the medical evidence of record and explaining her reasons for the weight she gave to certain medical opinions. She addressed conflicting evidence of record, resolved the discrepancies contained therein, and expounded on the reasons why she discounted the weight of the inconsistent and conflicting opinions. Her evaluation was directly in accordance with Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981), and, as such, the Court finds that substantial evidence supports her assessment of the medical evidence in the record. The Court also finds that the ALJ's RFC determination accounted for all of the limitations that were credibly established by the record and that substantial evidence supports her overall determination of non-disability. See Garrett v. Comm'r of Soc. Sec., 274 Fed. Appx. 159, 163 (3d Cir. 2008).

3